**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ENVIRONMENTAL TECHNOLOGY
COUNCIL, formerly known as
Hazardous Waste Treatment
Council, on behalf of itself and its
members,
Plaintiff-Appellee,

v.

STATE OF SOUTH CAROLINA; JIM
HODGES, Governor; COMMISSIONER,
SOUTH CAROLINA DEPARTMENT OF
HEALTH AND ENVIRONMENTAL
CONTROL; SOUTH CAROLINA
DEPARTMENT OF HEALTH AND                     No. 99-1672
ENVIRONMENTAL CONTROL; SOUTH
CAROLINA BOARD OF HEALTH AND
ENVIRONMENTAL CONTROL,
Defendants-Appellants,

and

SIERRA CLUB; ENERGY RESEARCH
FOUNDATION; CITIZENS FOR CLEAN AIR
AND WATER; CITIZENS ASKING FOR A
SAFE ENVIRONMENT, INCORPORATED
(CASE); ENVIRONMENTALISTS,
INCORPORATED,
Intervenors - Defendants.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-90-1402-3-0)

Argued: April 7, 2000

Decided: June 2, 2000

Before MOTZ, Circuit Judge, Samuel G. WILSON,
Chief United States District Judge for the
Western District of Virginia, sitting by designation,
and Gerald Bruce LEE, United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Tracey Colton Green, Assistant Attorney General,
Columbia, South Carolina, for Appellants. Stuart Henry Newberger,
CROWELL & MORING, L.L.P., Washington, D.C., for Appellee.
**ON BRIEF:** Charles Molony Condon, Attorney General, Treva Ash-
worth, Deputy Attorney General, Kenneth P. Woodington, Senior
Assistant Attorney General, Columbia, South Carolina, for Appel-
lants. Laurel Pyke Malson, Kesha Evans, CROWELL & MORING,
L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

South Carolina appeals the district court's grant of attorneys' fees
to Environmental Technology Council ("ETC") on the grounds that
ETC does not qualify for such an award under 42 U.S.C. § 1988 or,

2

alternatively, that the amount was not justified based on an appropriate attorneys' fee analysis. The district court's award was predicated on ETC having prevailed on the merits of its claims that certain hazardous waste management restrictions promulgated by South Carolina violated the Commerce Clause of the United States Constitution and 42 U.S.C. § 1983. We affirm.

I.

Plaintiff-Appellee ETC is a non-profit, nationwide association of commercial firms that provide fully licensed and permitted services for the treatment, storage, recycling, and disposal of hazardous waste in accordance with the requirements of federal and state law.

It brought this action in the United States District Court for the District of South Carolina in June 1990, seeking declaratory and injunctive relief to prohibit the implementation of certain restrictions placed by Defendant-Appellant South Carolina upon treatment and disposal of hazardous waste generated in other states. ETC challenged these restrictions under the Commerce Clause, the Supremacy Clause, the Privileges and Immunities Clause, and 42 U.S.C.§ 1983. ETC also sought, pursuant to 42 U.S.C. § 1988, an award of the costs and attorneys' fees incurred in prosecuting this action.

Following the district court's entry of final judgment in April 1995,[1] ETC filed its initial Petition for Attorneys' Fees and Costs. In that May 1995 Petition, ETC expressly reserved its right to seek additional fees arising out of any appeals of the April 1995 judgment and litigation of its fee petition.

In August 1997, following resolution of South Carolina's second appeal to this Court and the United States Supreme Court's denial of certiorari, ETC filed a Supplemental Petition, incorporating the additional fees and costs incurred in (1) responding to the state's 1996 appeal to this Court, (2) opposing the state's Petition for Writ of Certiorari, and (3) preparing its Fee Petition.

_____

[1] The district court holding was affirmed in all respects by this Court in October 1996.

3

In April 1999, the United States District Court for the District of South Carolina awarded ETC $486,489.42 in attorneys' fees pursuant to 42 U.S.C. § 1988.

II.

It is well established that organizations satisfying the requirements for representational standing may bring actions to vindicate the federal rights of their members under 42 U.S.C. § 1983. See, e.g., Wilder v. Virginia Hosp. Ass'n, Inc., 496 U.S. 498 (1990) (permitting 42 U.S.C. § 1983 action brought by association on behalf of its members); cf. Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246 (4th Cir. 1991). Moreover, actions to vindicate Commerce Clause violations should proceed no differently than those brought under 42 U.S.C. § 1983 to vindicate other federal rights. See generally, e.g., Medigen of Kentucky, Inc. v. Pub. Serv. Comm'n of West Virginia, 985 F.2d 164, 167 n.3 (4th Cir. 1993).

ETC having succeeded in its 42 U.S.C. § 1983 claim, it follows naturally that the group was entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 -- regardless of whether South Carolina sought to categorize it as an "unincorporated" association. Furthermore, not only was ETC the "prevailing party" here under 42 U.S.C. § 1988, but, as the district court explained, it established its 42 U.S.C. § 1983 standing over the course of the litigation and, similarly, its right to attorneys' fees. See generally Warth v. Seldin, 422 U.S. 490, 511 (1975). Consequently, South Carolina's appeal on this ground is not well-founded.

Insofar as the ultimate amount of attorneys' fees awarded by the district court is concerned, this Court reviews such a grant only for abuse of discretion. See Alexander S. v. Boyd , 113 F.3d 1373, 1381 (4th Cir. 1997). We must lend deference to the judicial discretion of the trial judge, who had close and intimate knowledge of the efforts expended by ETC and the value of the services rendered. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). Overturning the trial court's judgment is not warranted unless, under all the facts and circumstances, it is clearly wrong. See id. Moreover, mindful that a request for attorneys' fees should not result in a second major litigation, this Court has held that attorneys' fees appeals that simply con-

4

cern questions of fact or of the district court's exercise of its discretion will seldom warrant a remand. See Trimper v. City of Norfolk, 58 F.3d 68, 74 (4th Cir. 1995).

A review of the record in this case reveals that, indeed, the district court did consider and make findings commensurate with the Barber v. Kimbrell's, Inc. lodestar factors. See Barber, 577 F.2d at 226 n.28. Its analysis is reflected in its written Order of April 13, 1999. Cf. Alexander v. Tyler, 1999 WL 305029, at *2 (4th Cir. May 14, 1999) (explaining that district court not even required to recite each of the twelve relevant factors in its fee decision). For example, despite South Carolina's submissions to the contrary, the district court found that ETC's billing records were sufficiently detailed to enable it to conclude that the fees incurred were "reasonable and appropriate."

Additionally, the district court found that significant attorney resources were necessary to vindicate ETC's rights under the Commerce Clause and recognized the biographical information of various attorneys working on the case. It also found in-house counsel legal work "entirely necessary" to coordinate the legal arguments and briefs submitted to the Fourth Circuit and Supreme Court. Finally, the district court took into consideration the use of attorneys from other communities when making its determination of whether billed rates were "excessive."[2]

Given the record in this case and the district court's spirited lodestar analysis, this Court does not view the trial judge's award of $486,489.42 in attorneys' fees and costs to ETC as an abuse of discretion. The Order of the district judge was, therefore, justified.

AFFIRMED
_____
[2] It is worth noting here, as the district court did, that counsel for South Carolina, Cleary, Gottlieb, Steen & Hamilton, charged comparable, if not higher, rates than ETC's counsel, Crowell & Moring, LLP.